IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EDWARD K. MILLER,

    Plaintiff,

v.                               Civil Action No. 5:05CV107
                                                    (STAMP)

NATIONWIDE MUTUAL
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**
**FOR LACK OF REQUISITE AMOUNT IN CONTROVERSY**
**AND DENYING AS MOOT DEFENDANT'S MOTION TO STAY**

I. Background

This is a third-party bad faith ("bad faith") action arising out of a personal injury claim involving property insured by the defendant. Plaintiff, Edward K. Miller ("Miller"), filed a complaint in the Circuit Court of Ohio County, West Virginia, against defendant, Nationwide Mutual Insurance Company ("Nationwide"). On July 28, 2005, the defendant filed a notice of removal pursuant to 28 U.S.C. § 1332(a).[1] On the same day, the defendant also filed with this Court a motion to stay plaintiff's claims against Nationwide pending resolution of plaintiff's related suit against Nationwide's policyholder, Patricia Harvath. On August 24, 2005, the plaintiff filed a motion to remand and to

---

[1] Defendant does not contend that the plaintiff's complaint presents a federal question under 28 U.S.C. § 1331.

assess all removal related costs and attorney's fees to the defendant. The defendant filed a response on September 2, 2005.

For the reasons set forth below, this Court finds that the plaintiff's motion for remand must be granted. Accordingly, the defendant's motion to stay must be denied, without prejudice, as moot.

## II. Applicable Law

When a defendant seeks to remove a case from state court to a federal district court, the federal court must be able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. Id.

Accordingly, the burden of establishing that the plaintiff's damages exceed the jurisdictional amount of $75,000.00 lies with the defendant. See 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 (3d ed. 1998). Neither the Supreme Court nor the Fourth Circuit have specified the degree of proof necessary to demonstrate that the jurisdictional amount has

been satisfied.[2] However, this Court has consistently applied the preponderance of the evidence standard to determine whether defendants have met their burden of proving the amount in controversy. As the Eleventh Circuit has noted, where the plaintiff seeks unspecified damages, this standard strikes "the proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (1996), abrogated on other grounds by, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

In order to establish by a preponderance of the evidence that jurisdiction upon removal is proper, the defendant must show that the amount in controversy more likely than not exceeds the jurisdictional threshold. "To satisfy this burden, a defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000.00." Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). This burden of proof requires the defendants to produce evidence that establishes the actual amount

---

[2] However, when it is unclear whether jurisdiction may properly be exercised, a court may "insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

3

in controversy exceeds $75,000.00. See DeAguilar v. Boeing Co., 11 F.3d 55, 57-59 (5th Cir. 1993).

"[T]he status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). Therefore, a federal court must look at a case as of the time it was filed in state court to determine whether jurisdiction upon removal is proper. See Wisconsin Dep't. of Corrs. v. Schacht, 524 U.S. 381, 390 (1998). The filing of a notice of removal with the clerk of the state court effects removal of the proceeding, and the state court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d).

### III. Discussion

In his motion to remand, the plaintiff argues that remand is proper for two reasons. First, the plaintiff states that a motion to consolidate this case with another suit is currently pending in the Circuit Court of Ohio County, which, if granted, would defeat this Court's diversity jurisdiction. Second, the plaintiff argues that because his demand for relief does not exceed $75,000.00, the amount in controversy does not satisfy the jurisdictional amount. The plaintiff further asserts that the defendant cannot prove that the amount in controversy exceeds the jurisdictional amount by

4

pointing to "mere theoretical possibilities." In response, the defendant argues that the state court was divested of jurisdiction upon receiving notice of removal, and therefore cannot rule on plaintiff's motion to consolidate unless and until this case is remanded. The defendant further argues that the amount in controversy requirement is satisfied by referencing other bad faith cases in West Virginia state courts which have resulted in awards in excess of $75,000.00.

It is true that the Circuit Court of Ohio County lacks jurisdiction to consolidate this matter with another action unless and until this case is remanded. 28 U.S.C. § 1446(d). The plain language of this statute prohibits a state court from proceeding further in a matter once a notice of removal has been filed with the court's clerk. Id. The plaintiff's argument that such consolidation would defeat diversity in this case is therefore irrelevant at this time.

However, this Court also finds that the defendant has not met its burden of proof in establishing that the amount in controversy exceeds the jurisdictional amount. The defendant's removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. See Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1112 (D.N.M. 2000). The mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. Landmark Corp. v. Apogee Coal Co., 945 F.

Supp. 932, 938 (S.D. W. Va. 1996). Similarly, a selective sampling of amounts awarded in other bad faith cases does not demonstrate that the any amount awarded in this case will more likely than not exceed the jurisdictional amount. Accordingly, this Court finds that the plaintiff's motion to remand must be granted.

Under 28 U.S.C. § 1447(c), the decision whether to award a plaintiff's costs and attorney's fees upon remand is discretionary. Although the defendant has failed to establish by a preponderance of the evidence that the jurisdictional amount is satisfied, an attempt to do so by referencing other bad faith awards is at least colorable. See Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557 (D.N.J. 2000). Therefore, this Court concludes that an award of costs and attorney's fees is not appropriate in this case.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED; defendant's motion to stay is DENIED WITHOUT PREJUDICE as moot; and plaintiff's motion for costs and attorney's fees is DENIED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.

DATED: September 23, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE